**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EAST COAST AESTHETIC SURGERY NJ,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br><br><br>**COMPLAINT** |

Plaintiff, East Coast Aesthetic Surgery NJ ("Plaintiff"), on assignment of Bruce F., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey.

2. Upon information and belief, Defendant is engaged in administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

**FACTUAL BACKGROUND**

4. Plaintiff is a medical provider who specializes in plastic and reconstructive surgery.

1

5. On May 1, 2016, Plaintiff performed emergency surgical treatment on Bruce F. ("Patient") after he was viciously assaulted and repeatedly struck in the face. (*See*, **Exhibit A**, attached hereto.)

6. At the time of his treatment, Patient 1 was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

7. Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

8. Patient assigned his health insurance rights and benefits to Plaintiff.

9. After treating Patient, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant demanding payment for the performed treatment in the total amount of $48,400.00. (*See*, **Exhibit B**, attached hereto.)

10. In response to Plaintiff's medical bill, Defendant reimbursed Plaintiff a total of $1,900.48. (*See*, **Exhibit C**, attached hereto.)

11. Defendant represented in its explanation of benefits that the remaining $46,491.52 in Plaintiff's charges was not Patient's responsibility, but was rather a provider discount, even though Plaintiff never agreed to any discount. *Id*.

12. Plaintiff submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as an underpayment under the terms of Patient's insurance plan.

13. However, Defendant failed to issue any additional payment in response to Plaintiff's appeals.

14. Upon information and belief, under the terms of Patient's insurance plan, Patient's cost-sharing for emergency treatment performed by an out-of-network provider must be no different than it would be if the treatment was performed by an in-network provider.

15. Indeed, Defendant purported to limit Patient's cost-sharing to $0, as would be the case had Patient received the subject treatment from an in-network medical provider. (*See*, **Exhibit C**.)

16. However, in fact, Defendant failed to limit Patient's cost-sharing because Defendant failed to reimburse Plaintiff for its remaining charges in the amount of $46,491.52.

17. Plaintiff has thus been damaged in the amount of $46,491.52

18. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiff avers this Count to the extent ERISA governs this dispute.

21. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

22. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

23. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

24. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

25. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

28. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

29. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

30. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

31. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

32. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

33. Here, when Defendant acted to partially deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

34. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $46,491.52;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the applicable insurance plan or policy administered by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.

Dated: New York, NY
April 20, 2020

                                      SCHWARTZ SLADKUS
                                      REICH GREENBERG ATLAS LLP
                                      *Attorneys for Plaintiff*

                       By:    /s/ Michael Gottlieb
                             Michael Gottlieb
                             444 Madison Avenue
                             New York, NY 10022
                             (212) 743-7054